UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

HENRY JORDAN,

    a/k/a Henry Jordan Broadwell,
    a/k/a Hank Jordan,
    a/k/a Douglas Henry Broadwell,

      Petitioner,

V.

SANDRA BUTLER, Warden,

      Respondent.

Civil Action No. 6:15-133-KKC

**MEMORANDUM OPINION
AND ORDER**

---

Henry Jordan[1] is an inmate at the Federal Correctional Institution in Manchester, Kentucky.  Proceeding without an attorney, Jordan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] challenging the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e).

**I**

On October 6, 2005, in Chattanooga, Tennessee, Jordan pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The presentence investigation report indicated that Jordan qualified as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), triggering a mandatory minimum 180-month sentence on his § 922(g) conviction for being a

---

[1] Petitioner identified himself as Henry Jordan Broadwell in his petition.  [R. 1, p. 1]  But the Bureau of Prisons ("BOP") identifies the petitioner, BOP Register No. 41021-074, as Henry Jordan (see http://www.bop.gov/inmateloc/ (last visited on September 22, 2015)).  And during his criminal trial, petitioner was identified as Henry Jordan, with Henry Jordan Broadwell, Hank Jordan, and Douglas Henry Broadwell listed as alias designations.  *United States v. Jordan*, No. 1: 04-CR-129-1 (E.D. Tenn. 2004).  The Clerk of the Court will be instructed to modify the docket accordingly.

felon in possession of a firearm. Accordingly, on January 6, 2006, the trial court sentenced Jordan to 180 months imprisonment on the § 922(g) conviction, to be followed by two 60-month terms on the remaining counts to be served concurrently with one another. The resulting 240-month sentence was below the applicable guidelines range of 262-327 months. The Sixth Circuit affirmed Jordan's conviction and sentence on direct appeal. *United States v. Jordan*, No. 1: 04-CR-129-1 (E.D. Tenn. 2004); *United States v. Jordan*, 308 F. App'x 990 (6th Cir. 2009).

Jordan filed a motion to alter or vacate his conviction pursuant to 28 U.S.C. § 2255, arguing amongst other things that his counsel was ineffective for failing to challenge the characterization of his prior Tennessee conviction for third-degree burglary as a "violent felony" under the ACCA. The trial court rejected that claim, noting that his counsel did object to the use of the burglary conviction to apply the career offender enhancement, and that the Sixth Circuit had previously concluded that a Tennessee conviction for third-degree burglary qualifies as a "violent felony" as one of the four enumerated offenses under § 924(e)(2)(B)(ii). [R. 84 therein, p. 16 (citing *United States v. Caruthers*, 458 F. 3d 459, 475 (6th Cir. 2006))]

In 2014, Jordan filed a petition for habeas corpus relief in this Court, contending that the career offender enhancement should not have been applied in light of *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). The Court denied relief, noting that Jordan's challenge to his sentence was not cognizable in a § 2241 petition, and that *Descamps* had no bearing on his claim. *Jordan v. Butler*, No. 6:14-CV-159-DCR (E.D. Ky. 2014).

## II

In his current petition, Jordan now contends that his conviction and sentence are unconstitutional in light of the recent decision in *Johnson v. United States*, __ U.S. __, 135

S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court held that the ACCA's "residual clause" is void for vagueness in violation of the Fifth Amendment because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. Jordan contends that his Tennessee conviction for third-degree burglary does not constitute a "violent felony" under either the ACCA's "use of force" or "residual clauses." [R. 1 at 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Jordan's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Ordinarily, a federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a petition filed under 28 U.S.C. § 2241 is designed to serve as a vehicle only for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The "savings clause" found in 28 U.S.C. § 2255(e) will, under highly exceptional circumstances, permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002). Jordan's claim, predicated upon his assertion that U.S.S.G. § 4B1.2(a)(2)'s "residual clause" is unconstitutionally vague, does not fall within the scope of claims cognizable under § 2241.

Having reviewed Jordan's petition, the Court must deny relief for several reasons. First, Jordan does not challenge his underlying conviction for being a felon in possession of a firearm, but contends that the enhancement of his sentence was improper. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior

conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."). Jordan's claim is therefore not the sort of "actual innocence" claim falling within the narrow scope of claims cognizable under § 2241.[2]

Second, Jordan places reliance upon *Johnson*, an intervening Supreme Court decision which found that a portion of the ACCA is unconstitutional, but which does not indicate that, when properly interpreted, the statute in question did not render his conduct noncriminal. Because *Johnson* was not a "Supreme Court decision[] announcing new rules of statutory construction unavailable for attack under section 2255," *Hayes*, 473 F. App'x at 501-02, a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision. Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same).

Finally, even if the Court could reach the merits of his petition, *Johnson* does not assist him. The ACCA provides that:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year … that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is **burglary**, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another …

---

[2] With respect to the availability of relief under 28 U.S.C. § 2255, the federal courts have appeal have reached differing conclusions with respect to whether the *Johnson* decision is retroactively applicable to cases on collateral review for purposes of § 2255(h)(2). Compare *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015) with *In re: Rivero*, __ F. 3d __, 2015 WL 4747749, at *2, (11th Cir. Aug. 12, 2015). The Sixth Circuit has yet to address the question.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The trial court noted that Johnson's Tennessee conviction for third-degree burglary constituted a "violent felony" because "burglary" is one of the four **enumerated** offenses in § 924(e)(2)(B)(ii).  *Johnson* invalidated only the "residual clause" of § 924(e)(2)(B)(ii) (reaching convictions that "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another"), but clearly stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Johnson*, 135 S. Ct. at 2563.   Because *Johnson* does not undermine the validity of sentences enhanced because the defendant committed one of the enumerated offenses, including burglary, that decision does not assist Jordan.  For these reasons, his petition must be denied.

Accordingly, **IT IS ORDERED** that:

1.     The Clerk of the Court shall modify the docket to reflect that petitioner's legal name is "Henry Jordan," and shall list "Henry Jordan Broadwell," "Hank Jordan," and "Douglas Henry Broadwell" listed as alias designations for the petitioner.

2.     Henry Jordan's petition for a writ of habeas corpus [R. 1] is **DENIED**.

3.      The Court shall enter an appropriate judgment.

4.     This matter is **STRICKEN** from the active docket.

Dated September 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY